**W. Noland CHAPPELL, Administrator of the Estate of Elbert Virgil Nash, Deceased, Respondent,**

v.

**Florence Elizabeth NASH, Appellant.**

No. 24236.

Kansas City Court of Appeals.

Missouri.

Dec. 6, 1965.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 7, 1966.

Application to Transfer Denied March 14, 1966.

Wm. A. Seibel, Jefferson City, for appellant.

P. Pierre Dominique and Byron L. Kinder, Jefferson City, for respondent.

BROADDUS, Special Commissioner.

Plaintiff, Elbert Nash, filed suit for divorce and defendant, Florence Nash, filed an answer and cross-bill. At the hearing plaintiff dismissed his petition and the court found the issues for defendant on her cross-bill and granted her a decree of divorce and the care and custody of a minor child. Prior to the hearing the parties entered into a "Separation Agreement." Plaintiff having failed to pay two monthly installments specified in the decree defendant caused an execution to be issued. Plaintiff filed a motion to quash the execution. In his motion plaintiff alleged, in effect, that the decree was not a valid judgment of statutory alimony upon which levy of execution could issue, but that the decree was a mere approval of the Separation Agreement upon which a separate suit must be brought to seek enforcement of its provisions. The court sustained plaintiff's motion, and defendant has appealed.

The following language is contained in the Separation Agreement:

WHEREAS, the parties have reached a conclusion that they no longer can live together as husband and wife, and that they *desire to effect an amicable settlement of their various financial and property rights and affairs,* including provisions for support of a minor child, * * * (Emphasis ours.)

* * * * * *

6. Plaintiff agrees to pay to Defendant alimony in the sum of $300.00 per month, same to be paid monthly in advance, the first payment to be due January 1, 1963, and all subsequent payments to be paid as between the first and tenth days of each and every calendar month, and same to continue until *death or remarriage of the Defendant,* or same is modified by Order of the Court if Plaintiff becomes disabled or is compelled to retire, in which event same may be reduced or modified as the Court may seem meet and just. (Emphasis ours.)

Portions of the Court's Minutes read as follows:

Deft granted a decree. Deft granted custody of minor child, Richard Joseph Nash. *Separation Agreement* filed, approved and made a part of decree. Pltf ordered to pay deft $300.00 per month as alimony and $85.00 per month for support of Richard Joseph Nash * * *. (Emphasis ours.)

The pertinent parts of the Decree of Divorce read as follows:

The court further finds that a separation agreement was made and entered into between the parties under date of December 17, 1962, which agreement provides for settlement of their financial affairs, property affairs, care, custody, support and maintenance of minor child, and for payment of alimony in the sum of $300.00 per month by plaintiff to defendant, all of which agreement the court finds to be reasonable and just.

* * * * * *

Therefore, the Court doth further ORDER, ADJUDGE and DECREE that plaintiff pay to defendant as alimony the sum of THREE HUNDRED and No/100 Dollars ($300.00) per month, first payment to be due as of January 1, 1963, *subject to the terms and conditions set forth in the Separation Agreement,* * * *. (Emphasis ours.)

In her argument the Appellant contends the facts established that the Court

entered a consent decree or Judgment. There are circumstances under which parties to a divorce action may enter into an agreement which can become a consent Decree or Judgment and their agreement would thereby be merged with and become a part of that judgment. In North v. North, 339 Mo. 1226, 100 S.W.2d 582, 109 A.L.R. 1061 the Supreme Court set forth the circumstances which could give rise to such a decree. Where the parties agree to alimony and then ask the Court to exercise its discretion by granting to the wife the amount agreed upon, such agreement does not represent an agreement settling their property rights, but represents an award of statutory alimony. This principle was reaffirmed by this Court in the case of Edmondson v. Edmondson, Mo.App., 242 S. W.2d 730. In the instant case the parties did not make a suggestion to the Court as to the amount of statutory alimony to be awarded, but rather submitted to the Court a Separation Agreement covering all of their property.

It is well settled in our law that where the parties have made a prior contract completely settling all their property rights and submit the agreement to the Court the adjudging court not only has the authority to approve the contract, but has no right to disregard it. North v. North, supra.

In the Edmondson case, supra, this Court was confronted with the problem of determining the legal effect of a divorce decree incorporating the provisions of a property settlement which provided for periodic payments so long as the wife shall live. The wife sought an execution based on the Decree claiming, in effect, that it represented a valid Decree or Judgment for statutory alimony. In sustaining the lower Court's ruling quashing the wife's execution, this Court set forth the following rules for determining the legal effect of such decree under these circumstances:

"There is no valid judgment for alimony if (1) the prior property agreement is lawful and is conclusive as to provisions for support and maintenance, or (2) if the judgment by its terms exceeds the statutory authority."

The facts of the present case establish that the Decree of Divorce fails to represent a Decree or Judgment for statutory alimony when judged by the standards set forth in the Edmondson case for the following reasons:

The property settlement which was approved and incorporated in the Divorce Decree represents a lawful and all-inclusive settlement of the affairs of the parties. This settlement provided for disposition of all of the personal and real properties which were jointly held by the parties. Further disposition was made of certain life insurance policies and finally, the parties made provision for the support and maintenance of the wife and minor child.

The decree provides for payment of periodic sums which could extend beyond the life of the Respondent. Such payments have been consistently held to be in excess of the Court's statutory authority. North v. North, supra; Edmondson v. Edmondson, supra, and Smethers v. Smethers, Mo. App., 263 S.W.2d 60. Each of these cases has enunciated the rule that the husband's obligation to pay alimony exists only during his life and while the parties may contract for the payment of alimony for a longer period and the Court may approve such contracts, nevertheless, such approval does not represent the granting of statutory alimony. In the North case, 100 S.W.2d at page 587 the Court held in reference to such provisions, "Therefore, the decree in [these] cases was an approval of the contractual obligation of the husband to the wife, and not an award of alimony, in the sense in which the word 'alimony' is used in the statute."

■ Appellant, by submitting the property settlement to the court and obtaining the court's approval of such settlement and by preparing the divorce decree which incorporated the terms of said property settlement, elected to stand on her contract. She, therefore, cannot at a later date after having made her election seek an execution for statutory alimony. Gunnerson v. Gunnerson, 379 S.W.2d 861, (Mo.App.)

■ Appellant makes an additional point. However it relates to a matter which was not mentioned in the motion for new trial, and thus is not preserved for review on appeal.

■

The judgment should be affirmed. Your Special Commissioner so recommends.

PER CURIAM.

The foregoing opinion by BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court, and the judgment is affirmed.

CROSS, P. J., and HOWARD, J., concur.

BLAIR, J., not participating.