**Marion F. FERRISS, Plaintiff-Appellant,**

v.

**David P. FERRISS, Defendant-Respondent.**

No. 34040.

Missouri Court of Appeals,
St. Louis District.

Feb. 23, 1972.

Murphy & Kortenhof, St. Louis, for plaintiff-appellant.

Armstrong Teasdale, Kramer & Vaughan, Walter M. Clark, Justin C. Cordonnïer, St. Louis, for defendant-respondent.

VERNON W. MEYER, Special Judge.

Plaintiff, divorced wife of defendant, appeals from a judgment of the trial court sustaining defendant's motion to dismiss her motion to modify the decree of divorce by increasing the amount of alimony awarded her. We affirm.

The issue to be decided in this case is whether the allowance to plaintiff provided in paragraph THIRD of the stipulation is a statutory award of alimony, subject to modification, or is a legal contractual obligation of the husband not subject to modification by the court.

Plaintiff instituted suit for divorce on the 29th day of June, 1951, by the filing of plaintiff's petition for divorce in the Circuit Court of St. Louis County, Missouri. It need not be set out verbatim. She sought in relief to be divorced from the bonds of matrimony, that she be awarded custody of the parties' two minor daughters, a monthly sum adequate for their support, maintenance, care and education, alimony in keeping with her accustomed life during their marriage, an allowance for attorney's fees, court costs, and for whatever

other orders and decrees as may to the court seem just and proper.

On July 5, 1951, defendant filed his answer to said petition, in which, after admitting the marriage and birth of two children, he denied all other allegations therein contained.

On the same day, July 5, 1951, the following handwritten memorandum (omitting caption and signatures) was filed:

"Plaintiff appears in person and by atty.—Deft. appeared by atty.

"Cause heard and submitted.

"Finding and judgment in favor of Plff. & against Deft. & Plff. is awarded a divorce as prayed in her petition, and permanent custody of the minor children. Deft ordered & adjudged to pay Plff the sum of $50 per month for the support of each of the two minor children effective forthwith ~~and alimony as per stipulation~~ and the sum of $900.00 for legal services.

"Stipulation filed and its terms and provisions approved and ordered made a part of the Decree.—Costs against Deft."

The stipulation mentioned above was filed as Defendant's Exhibit No. 1 the same day, July 5, 1951. It provided for the care, custody, control, and support of the minor children of the parties, the payment of medical and dental bills, the maintaining by defendant of hospital and medical insurance, the disposition of certain real property, the disposition of certain personal property, the establishment of an irrevocable insurance trust and for the payment of attorney fees. Omitting caption and signatures, so much of the stipulation having a bearing on the issue presented in this appeal follows verbatim:

## "STIPULATION

"WHEREAS, plaintiff above named is about to file, or has filed, suit for divorce against the defendant above named, and

"WHEREAS, it is the desire of the parties hereby (sic) amicably to settle and adjust between themselves all questions of alimony, custody of their minor children, support of said minor children, and all property rights existing between the parties, and all other rights, claims and demands which said parties have each of them against the other, by reason of the marital relationship heretofore entered into between the parties;

"IT IS, THEREFORE, AGREED AS FOLLOWS, to wit:

\*    \*    \*    \*    \*    \*

"THIRD: Defendant shall pay alimony to plaintiff so long as she may live, or until her remarriage as follows:

(a) A sum equivalent to $37\frac{1}{2}\%$ of his monthly income, but not less than $250.00 per month so long as defendant is engaged in civilian employment, and in no event more than $312.50 per month.

(b) A sum equivalent to $37\frac{1}{2}\%$ of his monthly income while defendant is serving in the Armed Forces and receiving supplemental income from any other source, except that in the event the compensation being received by defendant from other than the Armed Forces during his service in the Armed Forces is terminated, then defendant shall pay to plaintiff a sum equivalent to 30% of his monthly compensation from the Armed Forces so long as his total income is less than $488.25 per month, but in no event shall the payments to plaintiff be less than $150.00 per month, and after said monthly income of $488.25 is exceeded, plaintiff shall continue to receive $37\frac{1}{2}\%$ of all such income regardless of source up to a maximum payment to plaintiff of $312.50 per month. All installments of alimony shall be payable monthly on or before the first day of each month; said defendant shall, upon request by the plaintiff, furnish said plaintiff with a verified written statement of his total income from all sources, and his total assets as of the first day of April and October of each year.

\* \* \* \* \* \*

"NINTH: It is further hereby agreed by and between the undesigned (sic) plaintiff and defendant that all the obligations, agreements and promises of the parties herein, shall be made a part of the judgment and decree of the Court in the event a divorce is granted to plaintiff upon her petition, and thereafter shall have the same force and effect of a judgment of the Court; it being further agreed that in the event plaintiff shall not be granted a divorce on or before the (sic) day of (sic), 1951, this stipulation shall be void, without prejudice to the rights of either party."

On the same day, July 5, 1951, the court granted a decree of divorce as follows:

## "DIVORCE

"Now at this day comes the plaintiff in person and by her attorney and the defendant appears by his attorney; and this cause being now submitted to the Court upon the pleadings, evidence and proofs adduced, and the Court having seen and heard the same and being fully advised in the premises, finds that plaintiff is the innocent and injured party and is justly entitled to the relief prayed for in her petition.

"WHEREFORE, it is ordered, adjudged and decreed by the Court that said plaintiff and defendant be and they are hereby absolutely divorced from the bonds of matrimony existing between them, and that said plaintiff be and is hereby restored to all the rights and privileges of a single and unmarried person; that said plaintiff have the care, custody and control of the minor children, Carolyn Ford Ferriss and Marion Platt Ferriss; that said defendant have the right to have temporary custody of said children as per stipulation filed; that said plaintiff have and recover of said defendant the sum of $50.00 per month for the support of each child, or a total of $100.00 per month, payable forthwith and the further sum of $900.00 as and for attorney's fees, and that said defendant pay the costs herein incurred. Stipulation filed and its terms and provisions approved and ordered made a part of this Decree."

Said stipulation is the same as that previously set out and therefore need not be repeated here.

On August 19, 1970, the plaintiff filed a motion to modify. In it she moved " \* \* \* the Court to make and enter its order modifying its decree entered herein July 5th, 1951, by increasing the amount of alimony awarded to plaintiff therein \* \* \*."

Thereafter, on September 16, 1970, defendant filed his motion to dismiss plaintiff's motion to modify. In it he contended that the agreement of the parties, insofar as it related to payment of support to plaintiff, is not subject to modification by the court, that the amounts to be paid to plaintiff are not statutory alimony because the agreement contains provisions which exceed the statutory authority granted to the courts respecting the award of alimony, that there is no valid judgment for alimony and that the obligation of defendant is purely contractual.

On October 26, 1970, the court sustained defendant's motion to dismiss by the following court memorandum filed that day, caption and signatures omitted: "Defendant's Motion to Dismiss heretofore heard and submitted is sustained. The alimony entered in this case is by contract and is not a statutory judgment for alimony subject to modification by this Court."

Thereafter, plaintiff perfected her appeal to this court wherein jurisdiction lies for the reason that it does not appear that an amount in excess of $30,000.00 is in dispute between the parties. Section 477.040, RSMo 1969, V.A.M.S.

The parties concede that the original judgment and decree, having been entered by express consent of the parties, and incorporating therein their stipulation, was a binding and valid decree of the court.

In reaching our decision, we recognize that "When a divorce shall be adjudged, the court shall make such order touching the alimony and maintenance of the wife * * * as, from the circumstances of the parties and the nature of the case, shall be reasonable, * * *. The court, on the application of either party, may make such alteration, from time to time, as to the allowance of alimony and maintenance, as may be proper, * *." Section 452.070, RSMo 1969, V.A.M.S.

We recognize also certain principles established by our Supreme Court in North v. North, 339 Mo. 1226, 100 S.W.2d 582, and numerous cases that follow: that not only may a husband and wife settle wife's claim for alimony by valid contract in contemplation of separation and divorce, the court has no right in a divorce action to disregard spouses' contract settling their property rights, including alimony, if free from fraud, collusion and fair to wife; that such contracts, lawfully made, are valid and sufficient to bar alimony and dower; that the statute which authorizes the modification of an award of alimony does not authorize the modification of legal contractual obligations which the husband assumes and agrees to pay his wife and that an award which exceeds the authority of the court to grant as statutory alimony is but approval of a contract and not an award of statutory alimony.

Times without number the parties to divorce proceedings have entered into agreements wherein they seek to settle between themselves property rights acquired by reason of the marital relationship. When these agreements have been approved by the respective courts at the time the decree is granted our courts have often been called upon later to determine whether the award approving the agreement is the granting of statutory alimony, or the approval of a contractual obligation.

If the former, the award is subject to modification; if the latter, it is not.

We have but to make that determination to decide the issue presented in this case.

When frequently called upon to make this determination, our courts have seized upon and emphasized a number of things to support their decisions. Among them are the allegations set out in the pleadings, the terms used to designate the agreements, the language employed in the agreements, the language employed in the decrees and the manner in which the provisions of the decrees related to the provisions of the agreements.

■ We have considered this case in the light of these decisions but to discuss in detail the circumstances of this case as they compare with the similar circumstances emphasized in these prior decisions would render this opinion excessively and unnecessarily long. It suffices to say that we find our decision to be readily distinguishable from and not inconsistent with any of the decisions holding approval of a given agreement to be statutory alimony and for the reasons that follow we can reach no conclusion other than that the award in question was but approval of a contractual obligation.

■ We need emphasize only one characteristic of the award in this case to support our decision, this the fact that the agreement provides for payment of an allowance to the wife in an amount equivalent to a percentage of defendant's monthly income. This clearly exceeds the authority granted the court in Section 452.070, RSMo 1969, V.A.M.S.

In Taylor v. Taylor, Mo.App., 367 S.W. 2d 58, we held a similar judgment to be void because it lacked certainty, definiteness, and exactness necessary to a good judgment that can be enforced by execution. Taylor's divorced wife brought an action against him for an accounting and for specific enforcement of the alimony provisions of the decree of divorce granted her upon her crossbill. In the decree of divorce, the court, among other things, en-

tered an order requiring plaintiff's husband: (1. c. 59) " ' * * * to pay to defendant 25% of plaintiff's net income in each year from whatever source derived, payable on March 15, 1952 for the calendar year 1951, and on the same day each year thereafter for each preceding calendar year until plaintiff's death or defendant's marriage, * * *.' " She alleged the failure of plaintiff to pay alimony from February 1, 1952. She prayed for an accounting of the net income of the defendant for certain years and for a judgment for the specific performance of the order of court for the money due her for alimony together with interest thereon. She appealed to this court from an adverse judgment below.

Much of our opinion, affirming the lower court, dealt with matters having no bearing on the issue in the case at bar.

However, we did clearly rule that the statutory scheme for alimony provides for payment of a fixed sum or sums, not left to determination by future events. We relied on several earlier cases, particularly Bishop v. Bishop, Mo.App., 151 S.W.2d 553(2), and Ives v. Ives, 247 Ala. 689, 26 So.2d 92.

In *Bishop*, we find the provision in a stipulation, filed and approved by the court, which provided for the payment by defendant to plaintiff of one-third of his total gross income, from whatever source derived, to be a contractual obligation; and that alimony is awarded in a fixed sum or sums, not left to future determination by further hearings, pursuant to ensuing eventualities.

In *Ives*, an Alabama court denied plaintiff personal judgment for past due amounts decreed by a court in equity in Florida as alimony on granting a divorce, the decree providing " * * * 'that one-half of defendant's salary up to and including $20.00 per week be and the same is hereby fixed and allowed to the plaintiff as alimony to be paid by defendant to the plaintiff only when defendant is gainfully employed, * * *' " for the reason that the decree was not for a fixed or definite sum.

We find no ambiguity in either the stipulation or decree of the trial court and that, therefore, the court was not in error in not having heard evidence concerning the intent of the parties.

Accordingly, we affirm the judgment of the trial court.

BRADY, C. J., and DOWD, J., concur.