Janet R. BRYSON, Plaintiff-Appellant,

v.

James H. BRYSON,
Defendant-Respondent.

No. 43616.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 8, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Oct. 16, 1981.

Application to Transfer Denied
Dec. 14, 1981.

Kenneth S. Lay, Tremayne, Lay, Carr & Bauer, Clayton, for plaintiff-appellant.

Leonard J. Frankel, Wolff & Frankel, Clayton, for defendant-respondent.

SNYDER, Judge.

Janet Bryson appeals from the trial court's unfavorable summary judgment in a declaratory judgment action in which she had sought a declaration of the rights and duties of the parties under a separation agreement entered pursuant to a decree of dissolution of marriage granted on July 24, 1975.

The trial court ruled that the parties' spousal maintenance provision established by the separation agreement and incorporated into the dissolution decree was decretal, but that it was unenforceable and void because it lacked sufficient certainty, definiteness and exactness. The separation agreement and dissolution decree incorporating the agreement provided that respondent would pay maintenance in the sum of

$350 per month to appellant for her support, or a sum equal to 33 percent of respondent's gross income from wages, whichever was greater.[1]

The trial court also denied appellant's request for an award of attorney fees.

The judgment denying the award of attorney fees is affirmed. The judgment respecting the maintenance award is reversed and remanded.

The appellant contends the trial court erred in holding the maintenance provision of the decree void for lack of certainty. This court agrees, although the error was understandable because, when the trial court ruled, the state of the law relating to spousal maintenance such as appellant's was uncertain.

Prior to the enactment of the Dissolution of Marriage Act, §§ 452.300, et seq., RSMo 1978,[2] effective January 1, 1974, provisions for alimony or support awarded upon a divorce were either contractual or decretal. Decretal alimony was determined by the court, although often upon the parties' stipulated suggestions which were submitted to the court and incorporated into the decree. Decretal alimony was subject to subsequent modification by the court and, because it was a part of the divorce decree, could be enforced as a judgment. *In re Haggard*, 585 S.W.2d 480, 481 (Mo. banc 1979).

Contractual support was a matter of private agreement between the parties although the agreement or stipulation was often filed with the court and the alimony terms included in the decree. Contractual support was not modifiable except by mutual consent of the parties or by the court upon the basis of fraud, duress or illegality and was enforceable only by a separate suit

on the contract. *In re Haggard, supra* at 481.

Provisions for alimony or support set forth in separation agreements were construed upon their wording to ascertain whether the parties intended decretal alimony or contractual support. The intention of the parties was determinative. *Keltner v. Keltner*, 589 S.W.2d 235, 238[3] (Mo. banc 1979); *Brewer v. Brewer*, 607 S.W.2d 694, 695–696[1–4] (Mo.App.1980). Various factors were considered indicative of the parties' intention. Factors which indicated a contractual intention included the use of a broad, all-encompassing agreement and an award beyond the court's power to decree, *Brewer v. Brewer, supra*, factors noted by appellant in her case.

Prior to the Dissolution of Marriage Act, courts were persistently confronted with the problem of construing whether the parties intended decretal alimony or contractual support. *In re Haggard, supra.*

This pattern was changed, however, by the Dissolution of Marriage Act. The Dissolution Act's maintenance provisions were designed to eliminate the problem of determining the intent of the parties. Three categories of spousal maintenance are now available upon dissolution of marriage. They are as follows:

1. Maintenance (decretal maintenance) which is awarded by the court upon consideration of the factors set forth in § 452.335 and not as a result of any agreement between the parties. *In re Haggard, supra.*

2. Private contractual maintenance created by the parties' express provision in a separation agreement found conscionable by the trial court but not, by express direction of the parties in the separation

---

1. Paragraph 3 of the parties' separation agreement read:

"Petitioner James H. Bryson shall during the remainder of the joint lives of James H. Bryson and petitioner Janet R. Bryson or until remarriage of Janet R. Bryson pay to Janet R. Bryson the sum of Three Hundred Fifty ($350.00) Dollars per month for her support or a sum equal to Thirty-Three (33%) Per Cent of James H. Bryson's gross income from wages, whichever is greater. For the remainder of 1975 the sum

to be paid is agreed to be Seven Hundred ($700.00) Dollars for each month. The determination of the gross income on which payment to Janet R. Bryson is to be calculated shall be made at the end of each year, beginning January 1976. The amount thus computed shall be paid in equal installments each month of the next succeeding year."

2. All statutory references are to RSMo 1978.

agreement, incorporated in the decree. § 452.325.[3] Such contractual maintenance would correspond to former contractual alimony and would be nonmodifiable except by the parties' mutual consent or for fraud, duress or illegality. It would be enforced, not as a judgment, but by a separate suit to enforce the contract. *In re Haggard, supra.*

■ 3. Maintenance based upon a separation agreement which is incorporated into the decree which might be called separation agreement decretal maintenance. § 452.-325.4(1). Maintenance included in a decree by incorporation of the parties' separation agreement as provided in § 452.325.4(1) may be modified by the court in a proper case, just as the former decretal alimony was, unless the parties provide specifically in the separation agreement that modification is precluded or limited. § 452.325.6. Separation agreement decretal maintenance based on § 452.325 is enforceable as a judgment just as the former decretal alimony was. *In re Haggard, supra; Brucker v. Brucker,* 611 S.W.2d 293 (Mo.App.1980).

■ Whether the spousal maintenance is contractual, or incorporated into the decree

and enforceable as a judgment pursuant to § 452.325.4(1), is determined by the parties' express provision in their agreement. *In re Haggard, supra; Brucker v. Brucker, supra; Block v. Block,* 593 S.W.2d 584, 590[8] (Mo. App.1979). The courts no longer interpret the intention of the parties to determine the nature of the parties' spousal maintenance obligations, *Brucker v. Brucker, supra* at 295[1], but problems of enforcement of maintenance provisions persist under the Dissolution of Marriage Act.

■ The case under review illustrates the persisting problem of determining whether maintenance is decretal or contractual even under the Dissolution of Marriage Act. The parties' separation agreement did not expressly provide that the separation agreement was to remain contractual and not be incorporated into the dissolution decree. Therefore, the spousal maintenance obligation of respondent was incorporated into and became enforceable as a part of the dissolution decree. The parties' maintenance provision thus falls into the third category described above, separation agree-

**3.** Section 452.325, RSMo 1978 reads:

"Separation agreements authorized, effect of—orders for disposition of property, when—terms of agreement, how enforced.—1. To promote the amicable settlement of disputes between the parties to a marriage attendant upon their separation or the dissolution of their marriage, the parties may enter into a written separation agreement containing provisions for the maintenance of either of them, the disposition of any property owned by either of them, and the custody, support and visitation of their children.

2. In a proceeding for dissolution of marriage or for legal separation, the terms of the separation agreement, except terms providing for the custody, support, and visitation of children, are binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unconscionable.

3. If the court finds the separation agreement unconscionable, the court may request the parties to submit a revised separation agreement or the court may make orders for the disposition of property, support, and maintenance in accordance with the provisions of sections 452.330, 452.335 and 452.340.

4. If the court finds that the separation agreement is not unconscionable as to support, maintenance and property:

(1) Unless the separation agreement provides to the contrary, its terms shall be set forth in the decree of dissolution or legal separation and the parties shall be ordered to perform them; or

(2) If the separation agreement provides that its terms shall not be set forth in the decree, only those terms concerning child support, custody and visitation shall be set forth in the decree, and the decree shall state that the court has found the remaining terms not unconscionable.

5. Terms of the agreement set forth in the decree are enforceable by all remedies available for the enforcement of a judgment, and the court may punish any party who willfully violates its decree to the same extent as it provided by law for contempt of the court in any other suit or proceeding cognizable by the court.

6. Except for terms concerning the support, custody or visitation of children, the decree may expressly preclude or limit modification of terms set forth in the decree if the separation agreement so provides."

ment decretal maintenance. *In re Haggard, supra; Brucker v. Brucker, supra; Block v. Block, supra.* The payment of maintenance cannot be enforced as a contract because the maintenance provision was a part of the decree. Now the trial court has ruled that the maintenance provision, although "decretal in nature", is void and unenforceable because it "lacks sufficient certainty, definiteness and exactness."

Under the law in the cases prior to the Dissolution of Marriage Act the judgment would have been unenforceable because the amount due was indefinite. *Ferriss v. Ferriss,* 477 S.W.2d 745, 748–749[2] (Mo.App. 1972); *Taylor v. Taylor,* 367 S.W.2d 58, 62–64[4–7] (Mo.App.1963). Nevertheless, the payee of the maintenance had a remedy. She could have enforced payment in a separate action on the contract. *Ferriss v. Ferriss, supra* at 748[1].

The question squarely presented to this court is whether under present law appellant is devoid of any remedy; whether the separation agreement and award of maintenance included in the decree by statutory mandate are both nullities.

█ If this court were to affirm the trial court's judgment, appellant is effectively barred from collecting maintenance. She has no judgment. She has no enforceable contract. The legislature in drafting the Dissolution of Marriage Act could not have intended such a result. Appellant should and does have a remedy. This court holds that appellant has a valid judgment enforceable by all remedies available for enforcing judgments and can place before the court evidence of the exact amount due under the terms of the separation agreement which has been incorporated in the decree. § 452.325.5.

The cases have held that a maintenance decree is indefinite, uncertain and unenforceable if the amount of the judgment cannot be ascertained without resort to external proof beyond the record or another hearing. *In re Wofford,* 589 S.W.2d 323, 327[10–11] (Mo.App.1979); *J.A.A. v. A.D.A.,* 581 S.W.2d 889, 898[21] (Mo.App.1979); *Ferriss v. Ferriss, supra* at 748–749[2]. Un-

der cases prior to the Dissolution of Marriage Act, an award of maintenance as a percentage of the income of the paying spouse was considered such an indefinite award. *Ferriss v. Ferriss, supra; Taylor v. Taylor, supra.* In the case being considered, however, incorporation of the parties' maintenance provision into their dissolution decree, which should make the maintenance provisions enforceable as a judgment, would have rendered it unenforceable as a judgment under the old divorce law because the amount is uncertain.

How can a maintenance payee enforce the maintenance provision of a separation agreement, incorporated into the decree under the statute, if the amount of the payment is uncertain? Cases interpreting maintenance decrees based on separation agreements entered since the Dissolution of Marriage Act became effective and which have held that maintenance provisions uncertain in amount were unenforceable as judgments have not presented nor answered the precise question that confronts the court here. *In re Wofford, supra* (spousal maintenance award "for such period of time as she is unable to support herself"); *J.A.A. v. A.D.A., supra* (spousal maintenance contingent on recipient working less than 30 hours per week).

█ Dissolution agreements concerning maintenance, if conscionable, are binding upon the trial courts and, unless a separation agreement provides to the contrary, become a part of the dissolution decree even though the court could not have made such an award under § 452.325, in the absence of a separation agreement. *Desloge v. Desloge,* 617 S.W.2d 486 (Mo.App.1981). The statute says the parties shall be ordered to perform the obligations of the agreement including maintenance. § 452.325.4(1). The statute provides further that the terms of an incorporated agreement set forth in a decree are enforceable by all the remedies available for enforcement of a judgment. § 452.325.5.

There is no certain way to enforce this maintenance judgment, entered in accord-

ance with the statute, § 452.325.4(1), unless the trial court has the authority to determine the exact amount due. Appellant has the potential remedies of contempt or motion to modify. § 452.325.5. Substantially changed circumstances must be shown, however, before a trial court can grant a motion to modify. The required changed circumstances may or may not be present here. A citation for contempt under § 452.-325.5 could be filed, *Yeager v. Yeager,* 622 S.W.2d 339 (Mo.App., E.D., 1981); but if the amount due has not been ascertained the court could not hold respondent in contempt for failure to pay. Even if available, contempt is an uncertain remedy. It seeks to force payment by the threat of punishment, often an ineffective procedure, particularly where, as here, the alleged contemner lives in another state.

This court holds that the trial court has the authority under the facts in this case, upon motion of appellant, to determine the exact amount due and after making that determination, to enforce the judgment. Otherwise, the appellant would be left without an effective remedy. The supreme court in *In re Haggard, supra,* foresaw this problem when the court said, "[I]t is unclear whether the limitations which applied to decretal alimony should also apply to § 452.325.4(1) maintenance." *In re Haggard, supra* at 482.

The categories of maintenance described in *In re Haggard, supra,* include the category in which the parties permit the maintenance provision in a separation agreement to be included in the decree and thus to be enforceable as a judgment. The supreme court compared the separation agreement decretal maintenance to the former decretal alimony but said that the correspondence would not be complete, first because the court modification of the maintenance agreement is separately determined by the parties, § 452.325.6, and second, because it is unclear whether the limitations which applied to decretal alimony under the old divorce law should also apply to § 452.325.4(1) maintenance. *In re Haggard, supra* at 482.

This court believes that the limitations to which the court in *In re Haggard, supra,* referred include the limitation on agreements which provide for the payment of sums which are not fixed in amount, maintenance awards which were beyond the authority of the court to grant as statutory alimony under the old law. *North v. North,* 339 Mo. 1226, 100 S.W.2d 582, 586–587[9–12] (1936); *Ferriss v. Ferriss, supra. See also Chappell v. Nash,* 399 S.W.2d 253, 256[6–7] (Mo.App.1965); *Edmondson v. Edmondson,* 242 S.W.2d 730, 735[7] (Mo.App.1951); *Bishop v. Bishop,* 151 S.W.2d 553, 557[9–10] (Mo. App.1941). The limitation placed on the trial court was the authority granted by statute. The trial court had no statutory authority to decree alimony that was payable in property instead of money, uncertain in amount, conditional, or which was to be paid after the death of the husband. *North v. North, supra; Ferriss v. Ferriss, supra; Chappell v. Nash, supra; Taylor v. Taylor, supra; Edmondson v. Edmondson, supra; Bishop v. Bishop, supra.* The trial court could grant as statutory alimony only the payment of a fixed sum or sums. If the sums to be paid were conditional or indefinite in amount, the allowance had to be treated as a contractual obligation. *Ferriss v. Ferriss, supra* at 748[1].

The Dissolution of Marriage Act changed the law. Now the maintenance provisions are set forth in the decree even though uncertain in amount. § 452.325.4(1). *Desloge v. Desloge, supra. See also Brucker v. Brucker, supra.* If the maintenance provisions are a part of the decree they are enforceable "by all remedies available for the enforcement of a judgment." § 452.-325.5. Therefore, a trial court should be able to ascertain by motion, and testimony if necessary, the amount of maintenance due under the terms of the separation agreement which has been incorporated into the decree.

This court said in *Desloge v. Desloge, supra* at page 489[4]:

"Although we agree that the court could not itself make an award subject to a cost-of-living adjustment, once such an

agreement is made, and tendered to the court, § 452.325.4(1), RSMo 1978 obliged the court to adopt the arrangement *as part of its decree* in the absence of an *express* term to the contrary. Failure to include such an express provision results in the agreement becoming decretal and enforceable (or modifiable) as would any other judgment." [Emphasis in original.] *Desloge* meant what it says. The terms of a separation agreement incorporated in a decree are enforceable as a judgment. This court goes a step further given the facts in the case under review and holds the maintenance provision of the decree to be a valid and enforceable judgment even though facially uncertain in amount. The trial court may upon motion determine the exact amount due in accordance with the agreement of the parties, and then, upon proper application proceed to enforce the judgment.

There has been a void in the law in this respect since the adoption of the Dissolution of Marriage Act which has confused members of the bar and made for uncertainty in the law, to the detriment of litigants who enter into separation agreements in good faith, expecting their plain terms to be enforceable whether incorporated into a decree or not, and to the detriment of prompt and fair resolution of domestic relations litigation. It would be anomalous to require incorporation of a maintenance provision of a separation agreement into a decree when to do so would make it void by reason of indefiniteness.

The maintenance judgment here is not unenforceable and void but valid and enforceable by all remedies available for the enforcement of a judgment. § 452.325.5. What would have been enforceable as a contract under the old divorce law is by statute enforceable by the court as part of the decree under the new dissolution law.

It is not enough to say parties advised by counsel should enter into separation agreements which are crystal clear concerning incorporation into the decree and modification of maintenance. We live in an imperfect world. The parties in the case under review, especially the wife, could never have foreseen a future judgment declaring the maintenance provision void and unenforceable, leaving her devoid of any remedy. The legislature could not have intended such a result. The statute, § 452.325.4(1), requires the separation agreement to be part of the decree and the parties ordered to perform the terms of the agreement. If so, the terms of the separation agreement must be enforceable. Therefore, the maintenance provision of the separation agreement is part of the decree and as such enforceable by the court, even though additional evidence is needed to ascertain the exact amount due.

Maintenance decrees or judgments are *sui generis*. Unlike most other money judgments, payments of periodic maintenance often extend over long periods of time. Maintenance decrees are modifiable on motion in a proper case. Similarly, a party should be able to ascertain by motion the exact amount due on a maintenance decree in a proper case, when the statute requires the terms of a separation agreement to be included in the decree as a judgment, and when otherwise the judgment would be void and the beneficiary of the maintenance payments without a remedy.

The trial court has before it evidence of respondent's gross income in 1979. Respondent disclosed the amount in sworn answers to interrogatories which are a part of the record. The maintenance due for 1980 is therefore certain in amount and appellant may pursue the usual remedies to collect what is due for 1980.

In her final point relied on, appellant argues the court erred in refusing to grant appellant's request for an award of attorney fees. This final contention is ruled against appellant.

■ Attorney fees are recoverable only when called for by contract or provided by statute, or as an item of damage when the incurrence of the fees involves the wronged party in collateral litigation, or occasionally, when the court of equity finds it necessary

to adjudge them in order to balance benefits. *Osterberger v. Hites Construction Co.*, 599 S.W.2d 221, 230[26] (Mo.App.1980); *Bolin v. Anders*, 559 S.W.2d 235, 247[19] (Mo. App.1977). Appellant does not base her claim for attorney fees upon contract or statute but, necessarily, upon the equities. The equitable balancing of benefits by awarding attorney fees, however, occurs only if very unusual circumstances can be shown, and upon demonstration that the action is so different from other actions of like kind that it should be considered an unusual circumstance. *Osterberger v. Hites Construction Co., supra* at 230[28]. Appellant did not demonstrate her action was very different from other actions to construe the nature of spousal maintenance.

 Appellant has cited *Preferred Risk Mutual Insurance Co. v. Main*, 295 F.Supp. 207, 218[16] (W.D.Mo.1968), in support of her position she is entitled to attorney fees. The case cited by appellant is not dispositive. The cited case merely held that under Missouri law, attorney fees "*may* be recoverable by a *successful* party" [emphasis added] in a declaratory judgment suit, but did not mandate an award of attorney fees even in a successful action. *Preferred Risk Mutual Insurance Co. v. Main, supra.* The remaining case cited by appellant is also distinguishable from appellant's action. In *Johnson v. Mercantile Trust Co. National Association*, 510 S.W.2d 33 (Mo.1974), the court upheld an award of attorney fees to parties who had defended against a declaratory judgment action and prosecuted a rescission action. The appellate court held attorney fees were recoverable as a part of damages, evidently as damages for the parties' rescission claims to restore the parties to their original positions. *Johnson v. Mercantile Co. National Association, supra* at 40[6–7].

The judgment in favor of respondent on appellant's claim for attorney fees is affirmed. That part of the judgment ruling that the maintenance provision is decretal in nature and subject to the continuing jurisdiction of the circuit court is affirmed. The judgment ruling that the maintenance

provision is void and unenforceable because indefinite is reversed and the cause remanded for further proceedings not inconsistent with this opinion. Costs should be taxed against respondent.

It is so ordered.

CRIST, P. J., and REINHARD, J., concur.