Richard E. STANDRIDGE, Appellant,

v.

Jacqueline M. ADAMS, Respondent.

No. 32565.

Missouri Court of Appeals, Western District.

July 6, 1982.

Richard E. Standridge, pro se.

Frederick Haase Riesmeyer, Kansas City, for respondent.

Before KENNEDY, P. J., and CLARK and MANFORD, JJ.

MANFORD, Judge.

This appeal is taken from an order overruling a motion to correct a decree of dissolution. The appeal is dismissed.

The record in this case reveals the following pertinent events. The marriage of the parties was dissolved on September 24, 1979. In addition to other matters, the decree of dissolution contained the following:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that respondent be awarded as and for maintenance in gross, a sum not to exceed $8,353.00 which obligation may be satisfied by petitioner, by petitioner and respondent performing the following conditions:

(a) Petitioner shall pay the bills due to Montgomery Ward, Sears, Master Charge and Visa, being the debts incurred jointly by the parties during their marriage; however, said payments shall not exceed the sum of $2,253.00.[1]

(b) Commencing February 1, 1980 and continuing through January 1, 1982 (a period of 24 months commencing February 1, 1980), provided respondent attends any school of her choice on a full time basis during that period of time, for each month in which respondent is in full attendance and does incur tuition expense, petitioner shall reimburse respondent for said tuition expenses; said reimbursement shall be in the amount of $254.17 for each month of full attendance on a full time basis; however, the total amount for which petitioner shall be obligated to reimburse respondent shall not exceed the sum of $6,100.00. If respondent, during the period of February 1, 1980 through (sic) January 1, 1982 fails to attend on a full time basis any school of her choice, petitioner then and in that event shall be relieved of any obligation to reimburse any sums to respondent for tuition for those months in which respondent fails to attend on a full time basis."

---

1. No dispute is presented regarding provision (a) and same is considered moot.

On August 7, 1980, respondent filed a verified Motion for Show Cause Order in which she alleged that appellant had not complied with the above portion of the decree ( [b] above) and sought the courts order finding appellant in contempt. A hearing was held upon respondent's motion and the circuit court found respondent had never attended any school. Appellant, in response to the motion, denied failing to comply and also attacked the decree provision charging that it was void and unenforceable under the rule in *Sunderwirth v. Williams*, 553 S.W.2d 889 (Mo.App.1977). The circuit court, on October 3, 1980, ruled respondent's motion and held appellant not in contempt and that per the rule in *Sunderwirth*, supra, provision (b) was void. No appeal followed.

On November 24, 1980, respondent filed a motion seeking *correction of the decree of dissolution*. On February 17, 1981 another circuit judge of the 16th Judicial Circuit overruled respondent's motion to correct the decree and also ruled that provision (b) was not void and that the matter was controlled by the rule in *Luedde v. Luedde*, 240 Mo.App. 69, 211 S.W.2d 513 (1948) and not *Sunderwirth*, supra.

This appeal followed with appellant contesting the part of the order of February 17, 1981 which voided the previous order of October 3, 1980. Respondent filed, in lieu of a brief, a motion to dismiss the appeal upon the premise appellant was not an aggrieved party within § 512.020 RSMo.1969 and that the original decree, and all orders and judgments thereafter were not final for purposes of appeal.

Neither party disputed the applicability of *Sunderwirth*, supra. As will be observed below, this cause turns upon more recent authority than *Sunderwirth*. But before making final disposition, some points must be clarified. In the first instance, the original decree, contrary to respondent's contention, became final 30 days after entry on September 24, 1979. Secondly, respondent's motion for Show Cause Order was a proceeding in aid of execution from which an appeal could lie. Thirdly, in its order of February 17, 1981 the circuit court correctly overruled respondent's motion to correct the decree but was without jurisdiction to void the previous order of October 3, 1980. The circuit court further erred in ruling *Luedde* and not *Sunderwirth* controlled. Fourth, except as will be discussed below appellant was an aggrieved party within that portion of § *512.020* supra which provides for an appeal "... from any special order after final judgment in the cause ..."

The posture of this case changed, as did the respective position of the parties, with the ruling in *Bryson v. Bryson*, 624 S.W.2d 92 (Mo.App.1981). *Bryson* ruled that a separation agreement incorporated within a decree is enforceable even though facially uncertain in amount. It might be argued at this posture that *Bryson* is distinguishable because of the existence of a written separation agreement. That point, however, has been ruled in the most recent decision of our state Supreme Court in *Payne v. Payne*, Mo., 635 S.W.2d 18 (1982) wherein the court adopted the rule in *Bryson* and extended that rule to apply to decrees and judgment awards in cases not involving written separation agreements. In *Payne*, our state Supreme Court ruled that *Brolinson v. Brolinson*, 564 S.W.2d 911 (Mo.App.1978), which approved and adopted *Sunderwirth* supra, was not to be followed to the extent that *Brolinson* conflicts with *Bryson* or *Payne*. This court is bound to follow the latest decision of our state Supreme Court upon any issue. *Payne* thus removes any doubt as to appellant's status as an aggrieved party and hence this appeal must be dismissed.

As to the status, validity and enforceability of the original judgment and decree herein and as to the appropriate procedures to be followed by the parties, the circuit court and the parties are referred to *Payne*, supra.

Appeal dismissed.

KENNEDY, J., concurs.

CLARK, J. concurs in separate concurring opinion.

CLARK, Judge, concurring in result.

I concur in disposition of this appeal by dismissal but I disagree with the majority in their holding that appellant was an aggrieved party entitled to appeal the subject order as a special order after final judgment. I further disagree that *Payne v. Payne*, 635 S.W.2d 18 by the Missouri Supreme Court, bears at all on the status of appellant as an aggrieved party. I would dismiss the appeal on the ground that appellant is not aggrieved by any judgment or order now of record.

The orders relevant to this appeal are dated October 3, 1980 and February 17, 1981. In the first, Judge Levitt declined to proceed with a post-judgment collection process for decretal maintenance under § 452.345, RSMo 1978. That order was appealable under § 512.020, RSMo 1978. *Nimmo v. Nimmo*, 616 S.W.2d 131 (Mo.App. 1981); *Nelson v. Nelson*, 516 S.W.2d 574, 577 (Mo.App.1974). Respondent here did not appeal that decision, however, and the disposition matured to finality.

The February 17, 1981 order was entered upon respondent's motion "To Correct the Decree of Dissolution," a motion which acknowledged the judgment for maintenance to be unenforceable but which sought correction on the ground of mistake. The operative portion of the February 17, 1981 order overruled the motion, which was then the only issue before the court. The trial judge gratuitously held, sua sponte, that the maintenance judgment was enforceable, thus purporting to overrule the order made by Judge Levitt some four months earlier. The order also suggested that respondent consider again seeking a contempt citation against appellant.

It is transparently obvious that the ruling in the February 17, 1981 order concerning enforceability of the maintenance judgment could have no dispositive or operative effect on that issue for several reasons. In the first place, the second judge is invested with no review authority over judgments of another circuit judge, with or without the agreement of the latter. Secondly, the October 3, 1980 order had matured to finality without appeal and even the judge who entered the order had lost jurisdiction to reconsider any error made in his pronouncement. Finally, the respondent, who is the only party entitled to complain of Judge Levitt's order, made no complaint but accepted the ruling and pursued other avenues for relief. To the extent the February 17, 1981 order purports to create a basis for execution upon the maintenance judgment, that holding is in excess of the issues before and the jurisdiction of the court which entered the order and is of no effect.

Moreover, the comments by the respective trial judges in both orders as to the validity of the maintenance judgment are explanatory of and ancillary to the issue determined in each instance. In the first order, the adjudication was as to the contempt citation and, in the second, it was on motion to correct the decree. Observations by the court as to the state of the maintenance judgment amount only to a statement of the reason why, in the views of the respective trial judges, respondent was denied relief in each instance. Even were it assumed the reason given in either or both orders is in error, such becomes material only if the party aggrieved by the order appeals. Respondent here, the movant in each case, was denied the relief she sought but she has lodged no appeal. Appellant is not in a position to complain because the trial judge may have stated an erroneous reason when he ruled in appellant's favor.

I further disagree that *Payne, supra* bears at all on appellant's status as an aggrieved party. The majority opinion purports to suggest that the parties return to the trial court and seek some disposition of the controversy guided by *Payne*. At this stage of the case, the validity and enforceability of the maintenance judgment is not open to question but has been resolved by the October 3, 1980 order, final in all respects.

There is no warrant on the present record to consider what disposition might otherwise have been made at the time had the later decisions in *Bryson v. Bryson*, 624 S.W.2d 92 (Mo.App.1981) and *Payne, supra* been available to guide Judge Levitt.