**In re the Marriage of Ingrid MORO-VITZ, Plaintiff-Respondent,**

v.

**Ronald L. MOROVITZ,
Defendant-Appellant.**

No. 47728.

Missouri Court of Appeals,
Eastern District,
Division One.

May 7, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 5, 1985.

Application to Transfer Denied
Aug. 7, 1985.

Darrill S. Beebe, St. Charles, for defendant-appellant.

Howard Wittner, St. Louis, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

Husband appeals from an order of the trial court ordering the sale of the marital residence. We affirm.

The parties were divorced on September 28, 1982. The divorce decree provided:

Marital residence of the parties at 1344 Kingsford in St. Louis County, Missouri to be appraised and at the average of the two appraisals to be obtained by respective counsel, Respondent to pay of that appraised sum ½ to Petitioner after Court costs, attorney's fees in the amount of $2,000 to Howard A. Wittner, attorney for Petitioner, and $1,950 to Stephen Spoeneman, attorney for Respondent and costs of appraisal. At time of above payment, Petitioner to quit-claim her interest to Respondent in the home. Respondent to have 45 days from the date of last of the two appraisals within which to pay Petitioner. Appraisals to be obtained by respective counsel within 10 days of the date of the dissolution decree.

Wife's attorney obtained an appraisal, however, husband rather than his attorney as the decree required, obtained an appraisal which the trial court found was unreasonable and made in bad faith. Thereafter, on March 2, 1983, wife filed a motion for appointment of Commissioner and to set aside the appraisal. On March 16, 1983, the trial judge ordered that the marital home "be sold to wife at one-half the appraised value of $56,000.00 minus the outstanding mortgage balance." Wife was given 30 days to secure funds for purchase of the residence. For a variety of reasons, this sale did not take place.

In June, 1983, wife filed a motion for judicial sale. After a hearing, the court on July 7, 1983 entered the following order:

[T]he marital residence of the parties is ordered sold, the parties to split the proceeds after payment of costs of sale, outstanding first mortgage balance as of today and payment to petitioner of past due child support.

Husband has appealed from this order. He contends that the two orders of March 16, 1983 and July 7, 1983 are null and void because the decree of dissolution entered on September 28, 1982 became final on October 28, 1982 and the trial judge thereafter lacked jurisdiction to alter the decree.

■ It is true as appellant asserts that a trial court has no authority to modify the property disposition provisions of a decree of dissolution after it has become final. *Leventhal v. Leventhal*, 629 S.W.2d 505, 507 (Mo.App.1981); § 452.330.4 RSMo Supp.1984.

■ However, it has also been generally true that an essential requirement of a judgment is that it be sufficiently certain in its terms to be susceptible of enforcement in the manner provided by law. To comply with this requirement, the judgment must adjudicate the controversy to a conclusion which permits issuance and processing of an execution without external proof or another hearing. *In re Marriage of Dusing*, 654 S.W.2d 938, 945 (Mo.App.1983); *Luna v. Grisham*, 620 S.W.2d 427, 428 (Mo.App. 1981); *Ravenscroft v. Ravenscroft*, 585 S.W.2d 270, 273 (Mo.App.1979). A judgment which is indefinite is void and unenforceable. *Luna v. Grisham*, 620 S.W.2d 427, 428 (Mo.App.1981). Clearly no execution could have issued on the September 1982 judgment.

Recently though, this principle has been eroded in dissolution cases in which the terms of a settlement agreement, found not to be unconscionable, have been incorporated into the decree. In *Bryson v. Bryson*, 624 S.W.2d 92 (Mo.App.1981), this court found a provision of a separation agreement incorporated into the decree of dissolution enforceable even though it was indefinite and uncertain. In *Bryson*, the court noted that Section 452.325.4(1) RSMo 1978 provides that terms of settlement agreement relating to support, maintenance and property, which are found not to be unconscionable and unless the separation agreement provides to the contrary, "shall be set forth in the decree of dissolution ... and the parties shall be ordered to perform them." Judge Snyder writing for this court found it "anomalous to require incorporation of a ... provision of a separation agreement into a decree when to do

so would make it void by reason of indefiniteness." 624 S.W.2d at 98.

*Bryson* was unqualifiedly adopted by the Supreme Court in *Payne v. Payne,* 635 S.W.2d 18, 22 (Mo. banc 1982).

In the case at bar if the provision relating to the sale of the residence was part of a settlement agreement which was incorporated into the decree, it could be argued such a provision would be enforceable, even though uncertain.

An examination of the legal file reveals that this was a non-contested setting. The court found the settlement agreement to be conscionable; it was to be incorporated and made part of the decree; and the parties were to be ordered to perform the terms thereof. However, the settlement agreement itself has not been filed with this court. The decree only makes reference to the terms of the separation agreement providing for the custody, support and visitation of the children. Neither has appellant supplied this court with a transcript of the hearing at which the terms of the settlement agreement may have been set forth. It is axiomatic that it is the appellant's duty to provide a complete record on appeal for the determination of questions presented to the appellate court. *Coulter v. Michelin Tire Corp.,* 622 S.W.2d 421 (Mo.App.1981), *cert. denied* 456 U.S. 906, 102 S.Ct. 1752, 72 L.Ed.2d 162. We must conclude from the record before us that the separation agreement contained only provisions relating to the care and custody of the children and did not contain the provision relating to the disposition of the marital residence.

As such, we conclude that the traditional principle requiring definiteness of judgment, set forth in *Ravenscroft v. Ravenscroft, supra* is controlling. Inasmuch as the provision relating to the disposition of the marital residence in the initial decree was void, the trial court upon motion and

notice had jurisdiction to dispose of this marital asset by its order of July, 1983.[1]

Affirmed.

CARL R. GAERTNER and KAROHL, JJ., concur.

---

1. In light of our disposition of this case, we need not determine whether a trial judge could have found a settlement agreement containing a provision such as that in the September 1982 decree conscionable in the absence of evidence of the value of the sole marital asset either at the hearing or in the settlement agreement. *See Block v. Block,* 593 S.W.2d 584, 591 (Mo.App. 1980); Section 452.325.2 RSMo 1978.