**Kathleen Ann LUTES, Respondent,**

v.

**William Ronald LUTES, Appellant.**

**No. WD 37681.**

Missouri Court of Appeals,
Western District.

Dec. 16, 1986.

Don Witt of Witt, Boggs, Shaw & Van Amburg, Platte City, for appellant.

Gary W. Collins, Kansas City, for respondent.

Before SHANGLER, P.J., and MANFORD and BERREY, JJ.

MANFORD, Judge.

This is a civil action arising from two separate garnishments filed by respondent against appellant's wages. The judgments are affirmed.

The pertinent facts are as follows:

On September 7, 1983, the marriage of appellant (husband) and respondent (wife) was dissolved. The portion of the Dissolution Decree providing for maintenance stated the following:

11. The parties have entered into a Property Settlement Agreement, same being marked as Petitioner's Exhibit Number 1 and introduced into evidence and which the Court has examined and finds the terms thereof to be proper, fair and reasonable in all respects and not unconscionable and is, therefore, approved by the Court; that same is not incorporated herein by express agreement of the parties except in regard to the provisions hereto relating to maintenance for the spouses, child custody and support, which provisions are as follows: "11. *MAINTENANCE:* Husband agrees to pay the Wife the sum of $200.00 per month as statutory mainte-nance, subject to court modification at a future date.

Husband agrees to pay to Wife, as contractual maintenance, not subject to court modification at a future date, the sum of of (sic) $800.00 per month for 24 months and thereafter the sum of $600.00 per month for the next 36 months, and thereafter the sum of $300.00 per month for the next 60 months.

Husband agrees to pay to Wife as a one time lump sum maintenance $200.00 on or before September 7, 1983.

The date of first payment of both statutory maintenance and contractual maintenance described herein shall be October 1, 1983.

Husband waives any right he may have for temporary or permanent maintenance from the Wife." [1]

On June 27, 1985, respondent filed her request for general execution based upon appellant's alleged failure to satisfy the above-described maintenance provisions. The garnishee filed answers to respondent's interrogatories and stated that it owed appellant net earnings of $1,562.00 for the period of time from the service of the garnishment until the return date. Garnishee further stated that it had withheld $156.20, 10 percent of the net earnings amount. Garnishee later filed an amended interrogatory answer stating that it had withheld $859.10, 55 percent of the net earnings amount. Respondent filed her denial of the garnishee's interrogatory answers and moved that the garnishee pay the entire amount of wages, $1,562.00, into the court. Appellant filed his Motion to Quash the garnishment of any amount in excess of 10 percent of his net earnings.

At the hearing on said motions, respondent's counsel admitted that appellant had made all of the $200.00 payments designated in the decree as statutory maintenance.

On September 17, 1985, the court entered its order overruling appellant's Motion to Quash Garnishment in excess of 10 percent

---

**1.** All of these provisions were made a part of the decree.

of wages. On September 20, 1985, the court entered its order requiring garnishee to pay into the court the sum of $1,562.00, the entire amount of wages due appellant during the execution period. The court did not issue findings of fact and conclusions of law. Appellant timely filed his notice of appeal.

On September 6, 1985, respondent filed a second request for general execution based upon appellant's alleged failure to satisfy the above-described maintenance provisions. The garnishee filed answers to respondent's interrogatories and stated that it owed appellant net earnings of $5,547.09 for the period of time from the service of the garnishment until the return date. The garnishee further stated that it had withheld $3,050.88, 55 percent of the net earnings amount. Respondent filed her motion on December 6, 1985, requesting that the court order the garnishee to pay the amount of $3,050.88, 55 percent of the net earnings amount. During the hearing on respondent's motion, appellant made an oral Motion to Quash the garnishment in any amount in excess of 10 percent of his net earnings.

The court overruled appellant's motion and on January 28, 1986, the court entered its order requiring the garnishee to pay into the court the sum of $3,050.88, the amount representing 55 percent of appellant's net earnings. The court did not issue findings of fact and conclusions of law. Appellant timely filed his notice of appeal.

On May 15, 1986, this court ordered that the appeals be consolidated and therefore, said appeals are herein disposed of as one. Review of this cause is pursuant to *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

Appellant raises two points on appeal. The first, in summary, charges that the trial court erred in ordering the garnishee to pay into the court any amount in excess of 10% of appellant's wages because 90% of appellant's wages are exempt under § 525.-030.2, RSMo Supp.1984. As his second point, appellant alleges plain error in the court having ordered more than 55% of his net wages to be paid in, as a violation of federal law under Title 15 U.S.C. § 1673.

Garnishment is a purely statutory proceeding and strict compliance with all requirements imposed by statute is essential to confer and support jurisdiction in a garnishment proceeding. *State ex rel. Eagle Bank and Trust Co. by Roderman v. Corcoran*, 659 S.W.2d 775, 777 (Mo. banc 1983). The amount allowed to be withheld from a debtor's wages is set forth in § 525.030.2, which states in part:

> The maximum part of the aggregate earnings of any individual for any workweek, after the deduction from those earnings of any amounts required by law to be withheld, which is subjected to garnishment may not exceed (a) twenty-five percentum, or, (b) the amount by which his aggregate earnings for that week, after the deduction from those earnings of any amounts required to be withheld by law, exceed thirty times the federal minimum hourly wage prescribed by section 6(a)(1) of the Fair Labor Standards Act of 1938 in effect at the time the earnings are payable, or, (c) if the employee is the head of a family and a resident of this state, ten percentum, whichever is less.

In both garnishment proceedings, appellant filed affidavits claiming exemption of 90 percent of his wages, alleging that he was the head of a family and a resident of Missouri. Appellant also filed Motions to Quash both garnishments in excess of 10% of his wages, claiming the same "head of family" exemption. Respondent countered these motions, however, citing § 525.030.2, which also states:

> The restrictions on the maximum earnings subjected to garnishment do not apply in the case of any order of any court for the support of any person, any order of any court of bankruptcy under chapter XIII of the Bankruptcy Act or any debt due for any state or federal tax.

Respondent does not deny that appellant is the head of a family and a Missouri resident.

Respondent argues that the $800.00 per month (decreasing) payment, which appellant has failed to make, is maintenance for her support. To buttress her argument, respondent cites the case of *Bryson v. Bryson*, 624 S.W.2d 92 (Mo.App.1981), which discusses the changes in the award of maintenance which have occurred since the enactment of the Dissolution of Marriage Act, §§ 452.300, et seq., RSMo 1978, effective January 1, 1974. The court in *Bryson* distinguishes three categories of maintenance which now exist. Respondent alleges that the maintenance provision in the parties' Dissolution Decree falls within the category the *Bryson* court labels "separation agreement decretal maintenance." That particular type of maintenance is characterized as

> Maintenance based upon a separation agreement which is incorporated into the decree ... Maintenance included in a decree by incorporation of the parties' separation agreement as provided in § 452.-325.4(1) may be modified by the court in a proper case, just as the former decretal alimony was, unless the parties provide specifically in the separation agreement that modification is precluded or limited ... Separation agreement decretal maintenance based on § 452.325 is enforceable as a judgment just as the former decretal alimony was. *Id.* at 95.[2]

Respondent argues that because the maintenance outlined in the decree is separation agreement decretal maintenance, it is therefore enforceable by way of garnishment. This court does not disagree with respondent's analysis. However, the ultimate question is whether the $800.00 per month (decreasing) is for the *support* of respondent, and simply labeling the provision as "separation agreement decretal maintenance" is not dispositive of the issue.

■ The words "any order of any court for support of any person" in the exception to the limitation on garnishments are not ambiguous. When given their ordinary meaning, such words refer to child support or spousal support as those terms are used in the Dissolution of Marriage Act or any other order for subsistence. *See Dyche v. Dyche*, 570 S.W.2d 293, 297 (Mo. banc 1978).

■ Section 452.335, RSMo 1978, allows the court to grant to either spouse an award of maintenance, but only if the court finds that the spouse seeking maintenance:

> (1) Lacks sufficient property, including marital property apportioned to him, *to provide for his reasonable needs;* and
> (2) Is unable to *support himself* through appropriate employment ... (Emphasis added)

Thus, by the very wording of the statute, it is clear that an award of maintenance is an award for support.

At the hearings in both garnishment proceedings, respondent submitted the Dissolution Decree as evidence of her judgment against appellant. The amount allegedly due respondent is classified in the decree as maintenance. Although the decree does not designate the purpose of the award, any award of maintenance is deemed to be an award based upon the need for reasonable support. *Nelson v. Nelson*, 720 S.W.2d 947 (Mo.App.1986). *See also Lampe v. Lampe*, 689 S.W.2d 768, 769 (Mo. App.1985).

■ Appellant adduced no evidence at either garnishment hearing to show that the maintenance award was not an award for support. Therefore, this court holds that appellant is not entitled to the exemption under § 525.030.2(c). The trial court did not err in overruling appellant's motion to quash garnishment.

■ For his second point, appellant alleges the trial court erred in ordering garnishment in the first proceeding in excess of 55% of appellant's wages because said order violated Title 15 U.S.C. § 1673. Ap-

---

**2.** This court notes that the *Bryson* court also states that once contractual maintenance is incorporated into a decree, it can no longer be enforced as a contract because it becomes a part of the decree. *Bryson, supra* at 96.

pellant correctly notes that review of this point must be for plain error as appellant has failed to otherwise preserve the error. Rule 84.13(c).

Title 15 U.S.C. § 1673 states as follows:

**§ 1673.   Restriction on garnishment**

### Maximum allowable garnishment

(a) Except as provided in subsection (b) of this section and in section 1675 of this title, the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed

(1) 25 per centum of his disposable earnings for that week, or

(2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage prescribed by section 206(a)(1) of Title 29 in effect at the time the earnings are payable,

whichever is less.   In the case of earnings for any pay period other than a week, the Secretary of Labor shall by regulation prescribe a multiple of the Federal minimum hourly wage equivalent in effect to that set forth in paragraph (2).

### Exceptions

(b)(1) *The restrictions of subsection (a) of this section do not apply in the case of*

(A) *any order for the support of any person issued by a court of competent jurisdiction or in accordance with an administrative procedure, which is established by State law, which affords substantial due process, and which is subject to judicial review.*

(B) any order of any court of the United States having jurisdiction over cases under chapter 13 of Title 11.

(C) any debt due for any State or Federal tax.

(2) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed—

(A) *where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50 per centum of such individual's disposable earnings for that week;* and

(B) where such individual is not supporting such a spouse or dependent child described in clause (A), 60 per centum of such individual's disposable earnings for that week;

except that, with respect to the disposable earnings of any individual for any workweek, *the 50 per centum specified in clause (A) shall be deemed to be 55 per centum and the 60 per centum specified in clause (B) shall be deemed to be 65 per centum, if and to the extent that such earnings are subject to garnishment to enforce a support order with respect to a period which is prior to the twelve-week period which ends with the beginning of such workweek.*

### Execution or enforcement of garnishment order or process prohibited

(c) *No court of the United States or any State, and no State (or officer or agency thereof), may make, execute, or enforce any order or process in violation of this section.*   (emphasis added)[3]

◼ Appellant argues that in ordering garnishee to pay 100% of appellant's net wages, the trial court violated § 1673(b)(2)(A), and (c), and that such error resulted in manifest injustice.   Respondent argues appellant has waived the right to claim an exemption under the federal statute since appellant failed to file the proper exemption (electing instead to file for the 90% state exemption).   This court agrees with respondent.   *See In re Marriage of Allen,* 681 S.W.2d 535, 539 (Mo.App.1984). *But see Donovan v. Hamilton County Municipal Court,* 580 F.Supp. 554, 557 (D.C.Ohio 1984) (Held—provisions of sec-

---

**3.**   The exception designated under Title 15 U.S.C.   § 1675 does not apply herein.

tion are self-executing, and thus, court order authorizing withholding in excess of amounts allowed is unlawful, notwithstanding that debtor failed to personally claim exemption).

This court is not bound to follow the holdings of the federal courts, but instead elects to follow the Southern District's holding in *In re Marriage of Allen, supra.* There is no error, plain or otherwise. Appellant's point (2) is ruled against him.

The judgments in both causes are affirmed.

All concur.