**SEARS, ROEBUCK AND COMPANY,**
**Respondent,**

v.

**PEERLESS PRODUCTS, INC., Appellant.**

**No. KCD 27485.**

Missouri Court of Appeals,
Kansas City District.

Aug. 2, 1976.

Roy F. Carter and Laurence R. Tucker, Kansas City, for appellant; Morris, Mitchell, Larson, King, Stamper & Bold, Kansas City, of counsel.

John R. Gibson and John W. Cowden, Kansas City, for respondent; Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, of counsel.

Before PRITCHARD, C. J., and ELLIOTT, CONNETT, Jr., and McFARLAND, Special Judges.

R. KENNETH ELLIOTT, Special Judge.

This is an appeal from a judgment for respondent in the sum of $4,109.50, pursuant to a court determination of liability and a jury verdict as to damages. Affirmed.

Sears, plaintiff-respondent, alleged that defendant Peerless, had been installing siding which plaintiff might sell, and on September 11, 1963, plaintiff sent defendant an

order which contained the following language:

"By the acceptance of this order you agree to protect and indemnify said customer and Sears, Roebuck and Company from all claims or demands on account of injury to persons or property occurring during or as a result of said installation."

One Charles Van Collins was procured by defendant Peerless to do the work required by the Sears order. Van Collins instituted a workmen's compensation claim in Kansas against Sears as a statutory employer for an injury sustained on the job in question. Sears impleaded Peerless and its insurance carrier, Consolidated Underwriters. After a series of hearings and appeals the matter was settled by Peerless and Consolidated before presentation to the Supreme Court of Kansas on the question of whether Van Collins was an independent contractor. Sears paid no part of the settlement, although it participated in the defense of said claim through the various steps until settlement. Sears then filed the instant case against Peerless for reimbursement of expenses and costs defending the workmen's compensation proceeding, praying for the same amount as awarded by the jury verdict.

Peerless, under Point I of its brief, complains of error committed by the trial court in granting a summary judgment on the issue of liability. It is obvious from the record that plaintiff's motion for summary judgment was overruled by the trial court, and in fact Peerless admitted this on oral argument before this court.

■ The evidence has been examined and it is found that the trial court did not err in granting its interlocutory judgment for Sears. The only issue appearing was the language of the order from Sears to Peerless. The trial court, in a later motion for separate trials of the issues of liability and damages, determined that the only question was one of law, and the finding in favor of Sears will be affirmed on this review if it can be sustained on any reasonable theory. *Simpson v. Spellman*, 522 S.W.2d 615 (Mo. App.1975).

■ The trial court properly interpreted the language contained in the order to Peerless. Sears incurred expense and demand was made upon Peerless to defend the compensation claim, which Peerless failed to do. In *City of Grandview, Missouri v. Hudson*, 377 F.2d 694 (CA 8th 1967), the court states as follows:

"GC–29 by its plain terms is an indemnifying agreement. So viewed, there is sound authority that the indemnitee, the City, is entitled to recover from the indemnitors, as a part of its damages, reasonable attorney fees which City incurred in defending a suit brought against it in reference to the matters against which it was indemnified. This is so even though the indemnity agreement does not specifically include or mention 'attorney fees'."

See also 42 C.J.S. Indemnity § 13d, p. 583.

■ Peerless next complains as to the action of the trial court in giving Instruction No. 2, because it was a misdirection in violation of the spirit and intent of the Missouri Approved Instructions. Instruction No. 2 is MAI 3.01, the "Burden of Proof" instruction. There is no merit to this complaint of Peerless. The notes on use under MAI 3.01 clearly require that this instruction be given in every case, and that no other instruction on burden of proof may be given.

■ The next point raised by Peerless was that the trial court erred in giving Instruction No. 3 (Modified MAI 4.01) because the instruction gave the jury direction for a verdict. Since the jury had only one issue to determine—the amount of damages, Instruction No. 3, by necessity, had to be modified to require a verdict for plaintiff in view of the fact that the court had already determined the question of liability. In a similar situation our Supreme Court specifically approved a similar modification where the only issue for the jury was the amount of damages. *Reynolds v. Arnold*, 443 S.W.2d 793 (Mo.1969).

In this case, our Supreme Court stated at page 797,

" * * * It did not direct a verdict on the issue of causation, as claimed. It did assume that Reynolds was entitled to recover compensation for *whatever damages the jury found*, but properly so, based upon the prior adjudication of the issues of negligence and general causation. Defendants therefore were not deprived of but rather were accorded a jury trial on the remaining issue of the nature and extent of the injuries and conditions resulting from the collision and the amount to be awarded as damages.

M.A.I. 4.01 is designed for use when all three elements of a negligence claim are to be submitted to *the same trial jury*. It was inappropriate and needed modification to fit the situation presented here, in which only one of the three elements was to be submitted to the jury. The modification made was necessary and proper. It worked no prejudice to the rights of defendants."

Peerless also complains that the instruction was erroneous because it did not include specific references to the reasonableness of expenses, costs and attorney's fees. Once these items have survived the test of admissibility they are proper items of damages which the jury may consider, and the general language in Instruction No. 3 was not prejudicial, but in fact submitted the ultimate issue. *Bonenberger v. Sears, Roebuck and Company*, 449 S.W.2d 385, 391 (Mo.App.1969).

Peerless also complains that the word "occurrence" although standard language of MAI 4.01, is too broad in this particular case. Clearly the occurrence involved herein was that of the defense of the workmen's compensation claim and the expenses incurred by Sears. There is no merit to this point. *Epperson v. Nolan*, 452 S.W.2d 263 (Mo.App.1970).

Peerless complains of the court's action in giving Instruction No. 5, which was a form of verdict instruction. Since the issue of liability had previously been determined by the court in its interlocutory order, the only matter for the jury to determine was the amount of damages. The trial court was compelled to instruct the jury that it should find a verdict in favor of Sears. With this form, the jury could have found no damages by inserting a zero in the blank provided for the amount of damages, or a sum, as it did. MAI 35.10, Instruction No. 6. Cases on this point cited by Peerless are not persuasive.

The judgment is affirmed.

All concur.