Dolly J. WITZKE, Respondent,

v.

Charles W. WITZKE, Appellant.

No. 46530.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Nov. 15, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 28, 1983.

Fredrich J. Cruse, Hannibal, for appellant.

John B. Morthland, Hannibal, for respondent.

IVAN LEE HOLT, Jr., Special Judge.

Appellant's and respondent's marriage was dissolved in January, 1980, by the Circuit Court of Marion County. There were two minor children born of the marriage, Lark and Miranda, whose custody was awarded to respondent. Appellant and respondent in that action entered into a stipulation and separation agreement, which was incorporated into the decree. Clause 3 of that agreement provided:

Husband shall maintain medical insurance on the children and pay all medical and dental bills of the children not covered by said insurance.

After the dissolution, Lark developed ophthalmological and orthodontic problems, for which respondent took her to Doctors Linde and Thomas, respectively, for treatment. Their bills for services were $29.00 and $1,980.00. Respondent sent those bills to appellant which he refused to pay.

Respondent then filed a motion for contempt and alternative motion to enforce stipulation and separation agreement and for judgment in the Circuit Court of Marion County. That court, after hearing evidence, denied the motion for contempt, and granted the alternative motion, entering judgment for respondent and against appellant for $2009.00 for the bills and $400.00 attorney's fees. At that hearing, appellant admitted he had not paid the bills and that they were not covered by his medical insurance.

Appellant mainly contends that Clause 3 in the Stipulation quoted supra was ambiguous and uncertain and therefore unenforceable. He relies on *Meyer v. Meyer,* 599 S.W.2d 6 (Mo.App.1980), *Loomstein v. Mercantile Trust Association,* 507 S.W.2d 669 (Mo.App.1974), and *Rodden v. Rodden,* 527 S.W.2d 41 (Mo.App.1975), in support of that position. Appellant overlooks that those cases involved the quashing of indefinite amount executions issued on somewhat similar clauses to that involved here.

Respondent here did not have an execution issued but proceeded on her alternative motion and consequently this case is governed by such cases as *Toomey v. Toomey,* 636 S.W.2d 313 (Mo. banc 1982); *Payne v. Payne,* 635 S.W.2d 18 (Mo. banc 1982); and *Bryson v. Bryson,* 624 S.W.2d 92 (Mo.App. 1981). In *Bryson,* we said:

Appellant should and does have a remedy. This Court holds that appellant has a valid judgment enforceable by all remedies available for enforcing judgments and can place before the Court evidence of the exact amount due under the terms of the separation agreement which has been incorporated in the decree.

624 S.W.2d at 96.

By Clause 3 of the Stipulation, appellant agreed to "pay *all* medical and dental bills of the children not covered by insurance" (emphasis added). We construe all to mean exactly that, and find the Clause perfectly clear and neither ambiguous nor uncertain. All that was needed to make that provision of the decree enforceable was evidence of the specific amount of such bills unpaid by appellant. Since the Circuit Court heard the evidence and entered judgment for that amount, following the procedure and holdings of *Bryson* and the other cases just cited, it follows that its judgment should be, and is, affirmed.

DOWD, C.J., and REINHARD and CRIST, JJ., concur.