Linda S. KAHN, Appellant,

v.

Farrell KAHN, Respondent.

No. 61884.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 26, 1993.

Rexford H. Caruthers, St. Louis, for appellant.

Alan C. Kohn, John A. Klobasa, Andrew M. Burns, St. Louis, for respondent.

CRAHAN, Judge.

Linda S. Kahn ("Linda") appeals from an order dismissing her motion to enforce a provision of the second amended decree dissolving the parties' marriage.[1] In her motion, Linda sought an order compelling Respondent Farrell Kahn ("Farrell") to reimburse her for attorney's fees incurred in defense of a lawsuit which she maintains are included within the liabilities assigned to Farrell in the decree. We reverse and remand for further proceedings.

The following facts gleaned from the various affidavits and depositions filed with the trial court are helpful in understanding the issues presented in this appeal. Prior to the dissolution proceedings, the parties and their emancipated children, Randall and Lisa (and possibly other persons or entities), owned certain oil and gas properties in the State of Kentucky.[2] In September, 1985, there was a purported conveyance of these interests, or some portion thereof, to Dr. Earnest Musgrave, his wife, and Mr. Conrad Pinson and his wife. The terms of this sale were agreed upon in negotiations with Farrell. Documents consummating the sale were executed by Farrell's attorney, Davis, by signing Farrell's, Linda's, and the children's names to the agreement as instructed by Farrell, who told Davis that he (Farrell) held powers of attorney for Linda[3] and their children. At-

---

1. Cross appeals of the underlying decree were addressed in *Kahn v. Kahn*, 839 S.W.2d 327 (Mo.App.1992), which affirmed the second amended decree as entered by the trial court.

2. The nature and extent of the individual interests owned is neither disclosed by the record nor pertinent to the issues on appeal.

3. Although not necessarily dispositive of the issues involved in the Kentucky transaction and

torney Davis did not personally consult with Linda or the children to determine their consent to or participation in the purported sale. Linda maintains that the execution of the sale documents was without her knowledge, consent or authority.

Sometime thereafter, the Musgraves and the Pinsons filed suit in the United States District Court for the Western District of Kentucky against Farrell, Linda, the children and possibly others[4] alleging fraud in connection with the sale (hereinafter the "Musgrave federal suit"). This suit was ultimately dismissed without prejudice on January 11, 1990.[5]

In the Musgrave federal suit, Farrell, Linda and the children were represented by attorney Kasnetz, a partner of attorney Davis who executed the sale papers at Farrell's direction, and by local counsel in Kentucky. All invoices for legal services rendered by Kasnetz in this representation were forwarded to and paid by Farrell.

On April 30, 1990, Dr. Musgrave, et al., refiled their action in Kentucky state court reasserting their fraud claims and seeking money damages and other relief (hereinafter the "Musgrave state court suit"). Attorney Davis, Kasnetz's law partner, is also named as a defendant in this suit. Three weeks later, on May 21, 1990, attorney Kasnetz received a telephone call from attorney Shoemake of the St. Louis firm of Guilfoil, Petzall & Shoemake informing him that said firm would undertake representation of Linda Kahn in defense of the claims asserted in the Musgrave state court suit.

The pendency of the Musgrave litigation was recognized and specifically addressed in the Second Amended Decree of Dissolution ("decree") entered by the trial court on April 12, 1991. Schedule C, entitled "ALLOCATION OF DEBT" lists various items in columns under the name of each party, including the principal amount of the liability allocated, where known. Pertinent to this case is the following item appearing in the column titled "Respondent Farrell Kahn":

|  | Principal Amount |
|---|---|
| 11. Contingent liabilities, known and unknown, including the satisfaction of any judgment entered against the Kahns, or either of them, in the litigation pending in Kentucky. | Unknown |

This provision was not challenged in the parties' previous cross appeals relating to the entry of the decree which, as previously indicated, was affirmed by this Court.

This appeal is from an order of the trial court dismissing Linda's Second Amended Motion to Enforce the Second Amended Decree of Dissolution or, in the Alternative, to Hold Respondent in Contempt filed on November 18, 1991. In this motion, Linda sought to require Farrell to pay the attorney's fees incurred by her in the Musgrave state court suit pending in Kentucky. Farrell moved to dismiss or, in the alternative, for summary judgment and the parties filed various affidavits, counter-affidavits and deposition excerpts from the Kentucky litigation.

In support of his motion to dismiss for failure to state a claim, Farrell urged that: (1) the language of Schedule "C" set forth above only requires Farrell to pay any judgment entered against the Kahns in the Kentucky litigation and does not require Farrell to pay any attorney's fees; and (2) to the extent that Linda is attempting to recover attorney's fees on the theory that

not in issue in this appeal, we note that the nature and effect of certain powers of attorney granted to Farrell by Linda have been the subject of prior litigation between the parties and were the subject of an appeal to this court. *Kahn v. Royal Banks of Missouri,* 790 S.W.2d 503 (Mo.App.1990).

**4.** The petition in the Musgrave federal suit is not part of the record but is described in general terms in the affidavits and deposition excerpts contained in the record.

**5.** The filing date is not disclosed in the record. Thus, it is not clear whether this suit was filed prior to the parties' separation in July, 1988. It is clear, however, that the suit was dismissed without prejudice and that the subsequent state court suit was filed prior to the trial of the parties' dissolution action in October, 1990.

they are "known contingent liabilities" assigned to Farrell by paragraph 11 of Schedule C, (a) that provision is so vague as to be unenforceable and void, and (b) the fact that attorney's fees would be incurred in defense of the Kentucky litigation was known at the time the decree was entered and therefore such fees properly cannot be deemed a "contingent liability." In support of his alternative motion for summary judgment, Farrell urged that, as Linda's indemnitor, he has no liability for the payment of Linda's attorney's fees because Linda has rejected his choice of counsel and thereby deprived him of his right to conduct the defense in her behalf.

After briefing and argument, the trial court sustained Farrell's motion to dismiss. No findings of fact or conclusions of law were requested or rendered by the trial court.

■ The trial court's dismissal of an action will be sustained on appeal if any ground supports the motion, regardless of whether the trial court relied on that ground. *Delmain v. Meramec Valley R–III School Dist.*, 671 S.W.2d 415, 416 (Mo. App.1984). The petition is read by according its allegations every reasonable and fair intendment. If the averments state a claim calling for the invocation of substantive law principles entitling plaintiff to relief, the petition should not be dismissed. *Id.*

Linda's Motion to Enforce and materials filed in support sought reimbursement for her reasonable attorney's fees incurred in the Musgrave litigation and contended that (i) the cost of defending herself was a "known contingent liability" under the decree which Farrell was obligated to pay; (ii) that Farrell as Linda's indemnitor is responsible for Linda's defense in the Musgrave litigation; and (iii) that she was entitled to her own counsel because of a conflict of interest on the part of the counsel tendered by Farrell.

There is no dispute that the language of paragraph 11 of Schedule "C" set forth above requiring Farrell to satisfy any judgment entered against the Kahns, or either of them, in the litigation pending in Ken-

tucky was intended to encompass the Musgrave litigation. Further, the parties appear to agree that the effect of such language is to make Farrell Linda's indemnitor with respect to such litigation, which is plainly the case. In support of the trial court's dismissal of Linda's motion, however, Farrell maintains that the plain language of this provision merely requires Farrell to satisfy any judgment and does not require Farrell to pay any of Linda's attorney's fees. Farrell reasons that if the trial court had intended Farrell to pay attorney's fees incurred by Linda, it would have been a simple matter for the trial court to so state and that the absence of such an express provision therefore reflects that the trial court did not intend to allocate those fees to Farrell.

■ In reply to this contention, Linda maintains that the general rule, recognized in Missouri, is that an indemnitee is entitled to recover from her indemnitor, as part of her damages, reasonable attorney's fees in defending a suit brought against her in reference to the matters against which she is indemnified, even in the absence of express language providing for recovery of attorney's fees. *See* 42 C.J.S. *Indemnity* § 20; *Sears, Roebuck & Co. v. Peerless Products, Inc.*, 539 S.W.2d 768, 770 (Mo. App.1976). Although we are inclined to agree that this is a correct, albeit abbreviated, statement of the general rule with regard to indemnity agreements, we find it unnecessary to determine its application to the judgment at issue in this case because the judgment itself contains express language with respect to Farrell's liability for attorney's fees. Specifically, paragraph 11 of the dissolution decree, which is the provision that incorporates Schedule C into the judgment, provides:

> The liabilities of the parties are distributed in accordance with Schedule C which is attached and incorporated herein by this reference thereto, each party being responsible for those liabilities itemized under his/her name, and each shall respectively indemnify and hold harmless the other from any loss or liability, *in-*

*cluding court costs and attorneys fees, thereon;* (emphasis added)

This provision in the decree clearly and unambiguously resolves the issue of whether attorney's fees are included in the obligation of indemnity imposed on Farrell in the disputed provision of Schedule C. Although we might well be disposed to reach the same result on the basis of Linda's arguments concerning the presumed legal effect of the language employed in the disputed provision, we prefer to resolve the issues on the narrowest ground available, which in this instance is the unambiguous language of the decree itself. Farrell is responsible for attorney's fees associated with the Musgrave litigation. Whether Linda has reasonably and necessarily incurred such fees is a separate issue we will address shortly.

■ An alternative argument advanced by Farrell is that paragraph 11 of Schedule C is so vague as to be unenforceable and void. According to Farrell, such vagueness and lack of enforceability is shown by the fact that Linda had to seek a hearing to establish both Farrell's alleged liability for attorney's fees and the amount of the fees. In support of this contention, Farrell relies on the rule that "an order must be sufficiently certain without requiring external proof of another hearing to be enforceable, otherwise it will fail," citing *Tepper v. Tepper,* 763 S.W.2d 726, 727 (Mo.App.1989); *Newport v. Newport,* 759 S.W.2d 630, 637 (Mo.App.1988) and *Rodden v. Rodden,* 527 S.W.2d 41, 43 (Mo.App.1975).

In response, Linda points out that numerous decisions have held that dissolution decrees are a limited exception to the general rule relied upon by Farrell. Specifically, beginning with the decision in *Bryson v. Bryson,* 624 S.W.2d 92 (Mo.App.1981), subsequently approved by the Supreme Court in *Payne v. Payne,* 635 S.W.2d 18 (Mo. banc 1982) and *Toomey v. Toomey,* 636

S.W.2d 313 (Mo. banc 1982), it has been repeatedly held that provisions in decrees requiring reference to external proof to establish the precise amount due at any given time are not void or unenforceable where, upon motion, the trial court can determine the exact amount due and, upon such determination, the judgment can be enforced. *See, e.g., Echele v. Echele,* 782 S.W.2d 430, 433–37 (Mo.App.1989), and cases discussed therein.

The distinction we discern in the cases relied upon by Farrell is that the decrees at issue were not merely uncertain as to the amount due at any given time but also as to the precise nature of the obligation imposed. Thus, for example, in *Tepper,* an order requiring husband to pay "petitioner's and the childrens [sic] medical hospitalization insurance expenses and all school payments for children" was deemed too uncertain to be enforced. Obviously, there are myriad varieties of insurance programs and "school expenses," rendering it impossible to determine just what obligations might be included within the language of the decree, let alone what amount is due at any given time. Similarly, in *Newport,* the decree ordered husband to pay for "the college education of the children" and "all medical and dental bills."[6]

In this case, contrary to Farrell's contention, the obligation to pay attorney's fees does not stem from the phrase "contingent liabilities, known and unknown" appearing in paragraph 11 of Schedule C. Rather, as discussed above, it derives from the express direction in paragraph 11 of the decree itself that liabilities assigned in Schedule C include all costs and attorney's fees. The litigation at issue here is specifically mentioned in paragraph 11 of schedule C. Thus, with respect to the attorney's fees sought by Linda in her motion to modify, there is no ambiguity or uncertainty other than the amount, which may be established

---

**6.** We note, however, that this court has held that a provision requiring a husband to "maintain medical insurance on the children and pay all medical and dental bills of the children not covered by said insurance" has been deemed by this court sufficiently unambiguous and certain to be enforced upon proof of the specific amount of medical bills incurred. *Witzke v. Witzke,* 662 S.W.2d 873 (Mo.App.1983).

at the hearing on her motion to enforce the decree. *Echele v. Echele*, 782 S.W.2d 430, 434 (Mo.App.1989).[7] We express no opinion on whether paragraph 11 of Schedule C might be deemed too vague to be enforced as applied to other litigation not specifically mentioned therein.

Finally, Farrell urges that, even if he is obligated to pay for Linda's attorney's fees in the Kentucky litigation, he is relieved of that obligation as a matter of law because the pleadings, deposition excerpts and affidavits filed in support of and in opposition to his motion to dismiss and alternative motion for summary judgment establish that he tendered counsel to Linda. According to Farrell, Linda's action in declining any further representation by counsel of his choosing relieves him of any further liability for the attorney's fees at issue.

Linda does not dispute that Farrell could have discharged his obligation to her by tendering appropriate legal counsel. However, Linda asserts that she was entitled to select her own counsel in this instance because attorney Kasnetz, the counsel tendered by Farrell, also represents Farrell and is the law partner of co-defendant attorney Davis and is thereby precluded from representing her by reason of a conflict of interest. According to Linda, this conflict arises because (1) in her separate answer in the Musgrave state court suit, she has asserted as an affirmative defense that neither she nor the children authorized anyone to act as their agent in connection with the sale that is the subject of the Musgrave's suit; and (2) Linda has a potential claim for damages against Farrell and/or attorney Davis for signing her name to the documents without her consent or authority.

■ Farrell does not appear to dispute that a true conflict of interest on the part of attorney Kasnetz would preclude his representation of Linda and require separate counsel. However, Farrell urges that his obligation to indemnify Linda removes any potential conflict of interest and that her prior actions in accepting Kasnetz's representation in the prior Musgrave federal court case demonstrate that she does not believe that there is, in fact, any conflict. We find it unnecessary to decide whether the alleged conflict in Linda's and Farrell's positions is resolved by Farrell's obligation to indemnify because, even assuming that Farrell is correct, it would not cure the conflict inherent in Kasnetz's status as a law partner of attorney Davis.

■ Under Rule 1.10(a) of the Missouri Rules of Professional Conduct, no partner of Davis may knowingly represent a client if Davis himself would be prohibited from doing so by reason of a conflict of interest.[8] Thus, for purpose of the analysis required by Rule 1.10, it is necessary to examine whether attorney Davis could properly represent Linda in the Musgrave state court case. As noted above, Davis is a co-defendant in the Musgrave state court action and Linda has taken the position in that action that Davis, at Farrell's direction, signed her name to the sale papers without her consent, knowledge and authority. It seems clear that it would be contrary both to Farrell's and attorney Davis's own interest to assert that Davis lacked authority to sign Linda's name to the sale instruments. Thus, Davis himself would be precluded from representing Linda by virtue of Rule 1.7(b), which provides:

(b) A lawyer shall not represent a client if the representation of that client

---

**7.** Although *Echele* and the cases discussed therein have generally involved separation agreements incorporated into decrees or child support provisions of decrees entered after a contested hearing, the parties have not suggested any reason why the same enforcement mechanisms should not be equally available for provisions relating to division of property. Further, we note that neither party challenged the trial court's assignment of this liability on direct appeal, nor have they suggested any way in which the trial court could have made the amount

more definite and certain so as to obviate the need for a hearing on a motion to enforce the decree to establish the amount due.

**8.** Rule 1.10(a) of the Missouri Rules of Professional Conduct provides: "While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(c), 1.9 or 2.2."

may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

(1) the lawyer reasonably believes the representation will not be adversely affected;

(2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

Here, attorney Davis's obligations to Farrell and his own interests would require Davis to take the position that Davis acted with proper authority in signing Linda's name to the sale papers. Under such circumstances, Davis could not reasonably conclude that his continued representation of Linda would not be adversely affected because Linda's position is precisely the opposite. Further, unless Davis could reasonably conclude that the representation will not be adversely affected, he may not seek Linda's consent. Linda must therefore be represented by separate counsel unaffiliated with attorney Davis.

Based on the foregoing, we conclude that Linda's motion to require Farrell to pay attorney's fees for her separate counsel in the Musgrave state court case states a claim upon which relief can be granted. The decree plainly assigns the liability for the Musgrave litigation to Farrell and expressly provides that such liability includes indemnification for attorney's fees. Farrell's tender of the services of attorney Kasnetz did not discharge this liability because Kasnetz is barred from representing Linda by reason of a conflict of interest. The trial court's judgment dismissing Linda's claim is therefore reversed

and the cause is remanded for further proceedings consistent with this opinion.[9]

CARL R. GAERTNER, P.J., and CRANE, J., concur.

---

**9.** We note from the pleadings in the trial court that Farrell also contests the reasonableness and necessity of certain of the fees submitted by Linda, maintaining, *inter alia,* that certain of the fees submitted relate to matters other than Linda's defense in the Musgrave state court suit. Our holding herein pertains solely to those fees reasonably and necessarily incurred in the Musgrave state court suit. Factual disputes over the reasonableness and necessity of the fees claimed by Linda in defense of the Musgrave state court suit should be addressed to and determined by the trial court on remand.