Martha J. VEACH,
Petitioner–Respondent,

v.

Bobby W. VEACH,
Respondent–Appellant.

No. 52606.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 29, 1987.

Motion for Rehearing and/or Transfer
Denied Feb. 11, 1988.

Norman Stricker, Potosi, for respondent-appellant.

Michael Steven Weinberg, St. Louis, for petitioner-respondent.

CRANDALL, Judge.

Bobby W. Veach (husband) appeals from a denial of his motion to set aside or quash

the order of sale in the decree of dissolution of marriage from Martha J. Veach (wife). We affirm.

Husband and wife were married in August 1962 and separated in December 1982. Two children were born of the marriage. Both were emancipated at the time of trial.

On April 16, 1984, the trial court granted the decree of dissolution. The decree divided the personal property and awarded neither child support nor maintenance. The decree ordered the Sheriff of Washington County, Missouri, to conduct a sale of a 233.88 acre farm owned by the parties and to distribute the proceeds of the sale as follows: to pay any outstanding liens and encumbrances; to pay wife $3,500; and to divide the remaining proceeds equally between the parties. Husband had the right to reside on the premises until sold; he was also responsible for loan payments, real estate taxes, homeowner insurance premiums, and utilities. The trial court retained jurisdiction solely to conclude the sale and to distribute the proceeds thereof.

On December 10, 1985, wife filed a motion for contempt because husband had failed to make the loan payments. To avoid foreclosure, wife made the loan payments. On March 12, 1986, the court ordered wife to pay husband for his interest in the farm and ordered husband to execute a quit claim in favor of wife. On June 2, 1986, husband's motion to set aside or quash the order of sale, directed to the original decree of dissolution, was overruled. Wife filed a second motion for contempt on March 26, 1986, alleging that husband had refused to execute the quit claim deed. On December 2, 1986, husband's motion to set aside or quash the order of sale was overruled and he was ordered to execute a quit claim deed to wife. Wife was ordered to pay $26,688.23 [1]

to husband for his interest in the real estate. On December 30, 1986, husband filed his notice of appeal.

Husband raises four points on appeal. He claims (1) that the original decree of dissolution was not a final judgment for purposes of appeal; (2) that the trial court erred in ordering the sale of the entire farm instead of "only enough of the real estate to satisfy the judgment"; (3) that the trial court erred in failing to find the farm to be husband's separate property because it was a gift from his parents; and (4) that the trial court erred in dividing the marital assets because it failed to consider marital misconduct.

■ In his first point, husband asserts that the decree of dissolution on April 16, 1984 was not a final judgment. In the instant case, the decree of dissolution on April 16, 1984 completely divided the marital property of the parties. *Compare L.F.H. v. R.L.H.*, 543 S.W.2d 520 (Mo.App. 1976). The trial court stated in the decree that it was retaining jurisdiction solely to conclude the sale and to distribute the proceeds between the parties. The original decree therefore became final 30 days after its entry on April 16, 1984. *See* Rule 81.05; *see also Standridge v. Adams*, 636 S.W.2d 680, 682 (Mo.App.1982). Husband did not file a timely notice of appeal from that judgment. He cannot now claim any error relating to that judgment. Husband's first point is denied.

■ In his second point, husband asserts that the trial court erred in ordering the entire farm sold in lieu of "only enough of the real estate to satisfy the judgment." Here, the original dissolution decree provided that the entire farm was to be sold and that each party was to receive one half the proceeds of the sale. The December 2,

1. The trial court calculated this amount as follows:

| Sales price | $85,000.00 |
| Less: 6 1/2% Sales Commission | −5,525.00 |
| Closing Cost | −1,000.00 |
| Loan payoff | −9,948.54 |
| Payment to wife | −3,500.00 |
| Net proceeds | $65,026.46 |
| Each Parties Distribution | $32,513.23 |
| Payments by wife on loan | −2,905.00 |
| Wife's attorney's fees | −2,920.00 |
| Payment to husband | $26,688.23 |

1986 order merely modified the manner in which the sale was to be accomplished.

Admittedly, husband had a right to appeal from the December 2 order of the trial court; and his notice of appeal indicated that it was his intention to do so. A reading of husband's point relied on, however, indicates that the allegation of error relates to the original decree in which the court ordered the entire real estate sold and not just enough to satisfy the judgment. As discussed under Point I, husband cannot now raise allegations of error relating to the original decree of dissolution, which was itself an appealable judgment. Husband's second point is denied.

Husband's third and fourth contentions of error relate to the division of property in the original decree. In view of our holding under Points I and II, husband is precluded from raising any claims of error relating to that decree. Husband's last two points are therefore denied.

The judgment of the trial court is affirmed.[2]

SIMON, P.J., and GRIMM, J., concur.

---

**2.** There is no evidence in the record that the trial court ever ruled on wife's motion for contempt in its December 2 order. In that order, the court specifically retained jurisdiction "to make further adjustments to the distribution of the proceeds...."